IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN VASHAUN MCKINLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INVENT HELP | : | NO. 16-6503 |

## MEMORANDUM

MCHUGH, J.                                                                                   JANUARY 20, 2017

      Plaintiff Kevin Vashaun McKinley brings this civil action against Invent Help arising out of an agreement to market plaintiff's idea for a product called "Toon Time." For the following reasons, the Court will dismiss the amended complaint for lack of subject matter jurisdiction.

      In his initial complaint, plaintiff alleged that he hired Invent Help to market his idea for a cell phone for children called "Touch Toon." Plaintiff alleged that a key aspect of his vision was a social media feature called "Toon Time," which allowed children to interact with their favorite cartoon character or super hero. Plaintiff paid Invent Help $750.00 to print a booklet describing "Touch Toon" for purposes of marketing the product to various companies in the hope that one of those companies would buy the product. However, when he received the book describing his idea to prospective buyers, the "Toon Time" feature was excluded from the description. Based on those allegations, plaintiff sued Invent Help for various torts and/or breach of contract.

      The Court granted plaintiff leave to proceed *in forma pauperis* and directed service of his complaint. However, the Court subsequently dismissed the complaint for lack of subject matter jurisdiction because the complaint failed to establish that the parties were diverse for purposes of 28 U.S.C. § 1332. Plaintiff was given an opportunity to file an amended complaint in the event he could establish a basis for the Court's jurisdiction.

Plaintiff filed an amended complaint against Invent Help. The amended complaint appears to assert tort and/or contract claims under state law based on substantially the same factual allegations as the initial complaint. The amended complaint cites 28 U.S.C. § 1332 and § 1343 as the bases for this Court's jurisdiction, and alleges that plaintiff and Invent Help are both citizens of Pennsylvania.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The only possible basis for subject matter jurisdiction over this case is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332 does not provide for jurisdiction here because the parties are not diverse. Accordingly, the Court must dismiss the amended complaint for lack of subject matter jurisdiction.[1] If he seeks to pursue his claims, plaintiff must file a case in state court. An appropriate order follows.

GERALD A. McHUGH, J.

---

[1] Section 1343 provides for jurisdiction over civil rights cases. It is not applicable here.